United States District Court
Northern District of California

1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 STRIKE 3 HOLDINGS, LLC,

             Plaintiff,

8

9       v.

10 JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 98.35.26.207,

11              Defendant.

Case No.  24-cv-00992-LJC

**ORDER TO SHOW CAUSE WHY APPLICATION TO SERVE SUBPOENA SHOULD NOT BE DENIED**

Re: Dkt. No. 8

12

13      The Court has reviewed Plaintiff Strike 3 Holdings, LLC's Application for leave to serve a

14 subpoena seeking information intended to identify the defendant in this case, whom Strike 3

15 currently knows only by an IP address.  ECF No. 8.

16      The declaration that Strike 3 offers from its general counsel Emilie Kennedy states that the

17 Maxmind database Strike 3 uses to trace IP addresses originally identified Defendant's IP address

18 as located in San Ramon, California.  ECF No. 8-1 at 29, ¶¶ 4–5.  Kennedy states that the IP

19 address later "continued to trace to this District," and that when Strike 3 checked again before

20 filing its Application, Maxmind identified the IP address as located in Pleasanton, California.  *Id.*

21 ¶¶ 6–7.  Although both San Ramon and Pleasanton fall within this district, Strike 3 has not

22 addressed potential reasons for that discrepancy in identifying a location or the potential

23 significance of the discrepancy.  Strike 3 is ORDERED to file a supplemental declaration

24 addressing that issue, including (but not necessarily limited to) whether the discrepancy calls into

25 question the reliability of: (1) establishing a connection to this district, as is relevant to venue and

26 personal jurisdiction; (2) identifying a specific subscriber as having used the IP address at any

27 given time; and (3) determining whether the same subscriber was assigned the IP address

28 throughout the period of time at issue, i.e., from the first alleged download through anticipated

service of the subpoena.  Strike 3 should also address whether the subpoena it seeks to serve will request subscriber data specific to the period of the alleged downloads or if it instead only seeks the current subscriber.

Strike 3's Application also fails to establish that the entity on which it seeks to serve a subpoena, Comcast Cable Communications (Comcast), is the correct internet service provider (ISP).  None of the declarations that Strike 3 has filed in support of its application mention Comcast.  A screenshot from Maxmind attached to Kennedy's declaration lists "Comcast Cable" as the ISP associated with Defendant's IP address, ECF No. 8-1 at 32, but Strike 3 has not addressed whether Maxmind is a reliable source for that information.  Strike 3 also has not addressed whether its previous Maxmind queries (at least one of which identified a different location) consistently identified Comcast as Defendant's ISP.

Strike 3 is therefore ORDERED TO SHOW CAUSE why its Application should not be denied, by filing one or more supplemental declarations addressing the issues discussed above no later than April 10, 2024.  Strike 3 may also file a supplemental brief by the same deadline if it believes that would assist the Court.

**IT IS SO ORDERED.**

Dated: March 27, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California